UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRETT DONALD WEINRICH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:08CV1116 HEA/TIA |
| ) | |
| DON ROPER, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case was referred to the undersigned pursuant to 28 U.S.C. § 636(b) for a report and recommendation on dispositive matters and for rulings on non-dispositive matters. Having reviewed the case, the undersigned recommends that the petition be dismissed.

### Background

Petitioner is a state prisoner currently incarcerated at the Potosi Correctional Center. Respondent Don Roper is the warden and petitioner's custodian.

In February 2004 petitioner was charged in a complaint with multiple counts of sex offenses in the Circuit Court of St. Louis County, Missouri. In March 2004 a grand jury indicted petitioner as charged; a superseding indictment was filed in December

2004. Petitioner entered a plea of not guilty and was represented by retained counsel. In January 2005 petitioner's trial began. After several witnesses testified, including law enforcement officers and several victims, petitioner withdrew his plea of not guilty. On January 6, 2005, petitioner pled guilty (without a plea agreement) to 25 counts of deviate sexual assault in the first degree, 2 counts of sodomy, and 3 counts of statutory sodomy in the second degree. On March 4, 2005, the trial judge sentenced petitioner to a total of 19 years' imprisonment (19 years for each count of sodomy, 7 years for each count of deviate sexual assault, and 3 years for each count of statutory sodomy, terms to be served concurrently). Petitioner did not file a direct appeal in the state courts or a petition for writ of certiorari in the United States Supreme Court.

On September 2, 2005, petitioner filed a timely pro se motion to vacate, set aside or correct the judgment or sentence, pursuant to Mo. S. Ct. Rule 24.035, claiming ineffective assistance of trial counsel. The public defender's office was initially appointed to represent petitioner, but later retained counsel represented petitioner. The motion court denied petitioner's motion for an evidentiary hearing and denied post-conviction relief. Weinrich v. State, Cause No. 05CC-4878 (Circ. Ct. County of St. Louis Mar. 10, 2006) (findings of fact, conclusions of law and judgment) (Ex. C). Petitioner timely appealed, arguing that his guilty plea was not knowingly and intelligently made because trial counsel erroneously advised him about the parole

consequences of his guilty plea. Petitioner claimed that trial counsel told him that he would serve only 15% of the sentence imposed. Petitioner argued that, before accepting the guilty plea, the trial court should have held an evidentiary hearing to clarify what trial counsel told him about parole. The Missouri Court of Appeals summarily affirmed the denial of post-conviction relief. Weinrich v. State, No. ED87937 (Mo. App. June 17, 2007) (per curiam) (Ex. G). The petition for rehearing was denied, and the mandate was issued on July 19, 2007 (Ex. F).

**Statute of Limitations**

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> . . .

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was received by the clerk's office on July 28, 2008. The initial petition was not filed on a

court-provided form, and the Court ordered petitioner to file an amended petition. Petitioner filed an amended petition on September 19, 2008. The amended petition does not contain any claims that were not included in the initial petition. Therefore, the date of the filing of the initial petition controls the application of the statute of limitations.

Because petitioner was sentenced on March 4, 2005, and he did not file a direct appeal, the time for seeking direct review expired on March 14, 2005. Petitioner filed his motion for post-conviction relief on September 2, 2005, 172 days later. Post-conviction relief proceedings concluded on July 19, 2007, when the Missouri Court of Appeals issued its mandate. See Payne v. Kemna, 441 F.3d 570, 572 (8th Cir. 2006). Petitioner's federal habeas petition was received by the clerk's office on July 28, 2008, 375 days later.[1]

A total of 547 untolled days passed between the time when petitioner's sentence became final and the date on which he filed his petition in this Court. As a result, the petition was not filed within § 2244's one-year period of limitations, and the petition must be dismissed as time-barred unless petitioner qualifies for equitable tolling.

---

[1] Respondent argues that the date petitioner signed the petition should control. However, petitioner did not date his original petition, and the outcome of the case would not be different if petitioner had dated the petition as respondent suggests.

In the traverse, petitioner argues that extraordinary circumstances beyond his control made it impossible to file a timely petition. He states that he was placed in administrative segregation in December 2006 for a conduct violation and remained in administrative segregation thereafter for his personal safety, due to threats from and assaults by other inmates, and pending his transfer to another institution. Traverse, at 2. Petitioner states that he was unable to access his legal paperwork and legal research during this time. Id. Petitioner submitted copies of prison classification hearing reports as exhibits to a motion for extension of time, Doc. #38-11, to document his placement in administrative segregation.

The United States Court of Appeals for the Eighth Circuit has held that equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time or when the conduct of the respondent has lulled the plaintiff into inaction. Jihad v. Hvass, 267 F.3d 803, 805-06 (8th Cir. 2001). Equitable tolling, however, is "an exceedingly narrow window of relief." Id. at 805. "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000)

(holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted"); Jihad, 267 F.3d at 805-07 (unsuccessful search for counsel could not warrant equitable tolling); Flanders v. Graves, 299 F.3d 974, 976-77 (8th Cir. 2002) (claim of actual innocence could not justify equitable tolling).

"In general, the difficulties attendant upon prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances." Corrigan v. Barbery, 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005); see Furr v. Small, 2009 WL 1598419, at *6 (C.D. Cal. 2009) ("institutional lockdowns, even if they are 'a way of life' generally do not constitute extraordinary circumstances that warrant the granting of equitable tolling"); Lindo v. Lefever, 193 F. Supp. 2d 659, 663 (E.D.N.Y. 2002). Moreover, here, petitioner's placement in administrative segregation did not involve wrongful conduct by state officials. Rather, state officials initially placed petitioner in administrative segregation for a conduct violation and subsequently, as petitioner acknowledges, for petitioner's own safety and protection (Traverse, doc, #38 at 2).

It is not clear that petitioner's restricted access to legal research or his legal materials made it impossible to prepare and file his habeas petition on time.

Petitioner's principal habeas claim is that trial counsel was ineffective, and his other habeas claims involve state trial defects.  Petitioner was aware of the federal legal theory (sixth amendment right to counsel, fourteenth amendment right to due process) and the operative facts by the time he filed his motion for post-conviction relief in state court.  Nor has petitioner shown that it was impossible for him to file his habeas petition on time because he was deprived of paper, pencils and pens during administrative segregation or that prison officials denied his request to have any papers mailed to the courts.

In conclusion, the undersigned finds that equitable tolling is not warranted because petitioner has failed to show that extraordinary circumstances made it impossible for him to file his habeas petition on time.  As a result, the undersigned recommends that the petition be dismissed without further proceedings as time-barred.  Additionally, the undersigned finds that petitioner has failed to make a substantial showing of the denial of a constitutional right.  Therefore, no certificate of appealability should issue.

Accordingly,

**IT IS HEREBY RECOMMENDED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed without further proceedings.

**IT IS FURTHER RECOMMENDED** that no certificate of appealability issue. 28 U.S.C. § 2253.

**IT IS HEREBY ORDERED** that petitioner's motion for reconsideration is **DENIED** as moot.

The parties are advised that they have ten (10) days to file written objections to this Report and Recommendation. Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

Dated this 2nd day of February, 2010.

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE
