UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRETT DONALD WEINRICH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:08CV1116 HEA/TIA |
| | ) | |
| DON ROPER, | ) | |
| | ) | |
| Respondent. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Brett Weinrich's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to United States Magistrate Judge Terry Adelman pursuant to 28 U.S.C. § 636(b), who filed his Report and Recommendation on February 2, 2010. Judge Adelman has recommended that the petition be denied and that no certificate of appealability issue.

Petitioner has timely objected to the Report and Recommendations. When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). Pursuant to 28 U.S.C. § 636, the Court will therefore conduct such a *de novo* review.

In its de novo review of all matters relevant to the petition this court notes that Petitioner's objection claims that extraordinary circumstances beyond his control made it impossible to file a timely petition which in turn warranted equitable tolling. The Magistrate Judge's Report and Recommendation concluded that equitable tolling was not warranted as petitioner failed to show that extraordinary circumstances made it impossible for him to file his habeas petition on time.

Petitioner was sentenced on March 4, 2005, and, because he did not file a direct appeal, his conviction became final on March 14, 2005. Exactly 172 days ran before Petitioner filed his motion for post-conviction relief on September 2, 2005. The Missouri Court of Appeals issued its mandate on July 19, 2007, the date post-conviction relief proceedings concluded. Petitioner filed the instant § 2254 petition on July 28, 2008[1], 375 days after the post-conviction relief proceedings concluded. As a result, a total of 547 untolled days passed between the time when petitioner's sentence became final (March 4, 2005) and the date on which he filed his petition in this Court (July 28, 2008). Consequently, the petition is barred by the one-year

---

[1] Respondent argues that the date petitioner signed the petition should control. Petitioner did not date his original petition, however, and the outcome of the case would not be different if petitioner had dated the petition as respondent suggests.

statute of limitations set out in 28 U.S.C. § 2244(d)'s unless the petition is subject to equitable tolling.

Besides statutory tolling, the one year may be equitably tolled when a petitioner establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGugliemo*, 544 U.S. 408, 418 (2005); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir.2003); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir.2000). This doctrine, however, gives a habeas petitioner "an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir.2001) (holding that petitioner's inability to obtain counsel to represent him in pursuit of state post-conviction relief and failure of defense counsel to send petitioner his trial transcript until approximately eight months after his conviction was affirmed on direct appeal were not extraordinary circumstances beyond petitioner's control); *see also Preston v. Iowa*, 221 F.3d 1343 (8th Cir. 2000) (refusing to apply equitable tolling in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources); *Kreutzer*, 231 F.3d at 463 (holding that counsel's confusion about applicable statue of limitations does not warrant equitable tolling).

Petitioner claims that his placement in administrative segregation in December 2006, due to a conduct violation, and thereafter held for his own personal

safety, prevented him from accessing his legal paperwork and legal research. Additionally, petitioner argues in his traverse that the sentencing court "affirmatively lulled" him into believing that he had no claim regarding his constitutional rights.

Petitioner fails to present any extraordinary circumstances that would prevent him from filing a timely petition. Petitioner acknowledges that his placement into administrative segregation was due to his own conduct violation and subsequently, the prison staff kept him there for his own safety and protection until they could transfer him to another institution. "In general, the difficulties attendant upon prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure documents, do not by themselves qualify as extraordinary circumstances." *Corrigan v. Barbery*, 371 F.Supp. 2d 325, 330 (W.D.N.Y. 2005. Furthermore, petitioner was aware of his underlying claims and related facts prior to him being placed into administrative segregation and failed to present any extraordinary circumstances that made it impossible for him to file a timely petition. Additionally, his claim regarding being "affirmatively lulled" into inaction lacks factual support and also fails.

Upon review of all relevant materials, this Court concludes petitioner's objection is without merit. As a result, the Court will adopt and sustain the

Magistrate Report and Recommendation of Judge Terry Adelman and will deny the petition.

**Certificate of Appealablity**

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right

Accordingly,

**IT IS HEREBY ORDERED** that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED** that the Court no certificate of appealability shall issue herein.

A separate Judgment shall be entered with this Memorandum and Order.

Dated this 14th day of July, 2010.

                                          HENRY EDWARD AUTREY
                                          UNITED STATES DISTRICT JUDGE